**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Best Western International, Inc., | ) | No. CV-09-1934-PHX-FJM |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Whitehall Avenue, LLC; Zulfikar Hyder | ) | |
| Jafri, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

        Plaintiff Best Western International, Inc. filed this action against defendants Whitehall Avenue, LLC and Zulfikar Hyder Jafri asserting claims for breach of contract, federal trademark infringement, unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and related common law and statutory causes of action arising from defendants' alleged refusal to cease and desist from their unauthorized use of Best Western's trade name, trademarks, and logos.  On January 31, 2011, a notice of bankruptcy filing as to defendant Whitehall Avenue, LLC was docketed in this case.  We issued an order that all claims against Whitehall Avenue, LLC were stayed and would be dismissed on April 1, 2011, unless the court was advised that the bankruptcy stay had been lifted or a request for a lifting of the stay had not been ruled upon by the bankruptcy court (doc. 43).  Not having received such notice, we dismissed the claims against defendant Whitehall Avenue, LLC on April 4, 2011 (doc.

45).

We now have before us plaintiff's motion for partial summary judgment on Counts 1 through 5, and Count 11 (doc. 37), which now applies against defendant Zulfikar Hyder Jafri only.  Mr. Jafri did not respond to the motion and the time for doing so has expired.

Under LRCiv 7.2(i), if a party "does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

Because Mr. Jafri did not respond to the partial motion for summary judgment, **IT IS ORDERED GRANTING** plaintiff's motion for partial summary judgment against defendant Jafri on Counts 1 (breach of contract), 2 (open account), 3 (stated account), 4 (breach of contract – post cancellation use of Best Western's protected marks), (5) federal trademark infringement, and (11) statutory insufficient funds (doc. 37).

DATED this 5th day of April, 2011.

_____
Frederick J. Martone
United States District Judge